**UNITED STATES DISTRICT COURT**
**EASTERN DIVISION OF NEW YORK**

| | |
|---|---|
| ANDREW PROKOS,<br><br>               Plaintiff,<br><br>   - against -<br><br>IQ HOMES & CO INC., OWEN OLIVIER, and DOES 1-10,<br><br>             Defendants. | Case No.:  20-CV-1220<br><br>PLAINTIFF'S COMPLAINT FOR (1) COPYRIGHT INFRINGEMENT; (2) VIOLATIONS OF THE DIGITAL MILLENIUM COPYRIGHT ACT (17 U.S.C. §1202)<br><br><u>JURY TRIAL DEMANDED</u> |

Plaintiff Andrew Prokos ("Plaintiff"), by and through his undersigned attorney, hereby prays for relief based on the following:

## JURISDICTION AND VENUE

1.  This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2.  This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3.  Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that Defendant IQ HOMES & CO INC.'s principal place of business is in this district, Defendant OWEN OLIVIER resides in this district, and this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4.  Plaintiff Andrew Prokos is a renowned professional photographer with his principal place of business in New York, New York.

5.  Plaintiff is informed and believes and thereon alleges that Defendant IQ HOMES & CO INC. ("IQ Homes") is a New York corporation authorized to and operating under the laws of New York with its place of business in Kings County, New York.

6.   Plaintiff is informed and believes and thereon alleges that Defendant OWEN OLIVIER ("Olivier") is an individual residing in Queens County, New York.  Plaintiff is further informed, believes and thereon alleges that Olivier is the sole owner of IQ Homes and that he controls and dominates IQ Homes, and that he participated in or approved of the conduct set forth below.   IQ Homes and Olivier are collectively referred to herein as "Defendants".

7.   Defendants DOES 1-10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8.   Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

<u>**CLAIMS RELATED TO PLAINTIFF'S PHOTOGRAPH**</u>

9.   Plaintiff is a renowned professional artist who earns his livelihood through the sale and licensing of his photographs and photography services.

10. Plaintiff created a photograph of a brownstone building in Harlem in 2013.   This photograph ("Subject Photograph 1") is the subject of this dispute.  The title of the photograph is "HARLEM-0446-1000PX.jpeg."  The photograph is an original photograph composed by Mr. Prokos. Plaintiff is the owner of the photograph, which was registered with the United States Copyright Office before the infringement at issue. A true and correct copy of the photograph is reproduced below:



11. Plaintiff is informed and believes and thereon alleges that Defendants operate a real estate brokerage which in turn operated a website at www.iqhomes.nyc, where they promoted and advertised their business.

12. Plaintiff's investigation revealed that Defendants, and each of them, were displaying Plaintiff's Subject Photograph ("Infringing Photograph") on their website, (www.iqhomes.nyc), without Plaintiff's authorization. Defendants used the Infringing Photograph to market and advertise Defendants' own businesses.

13. Defendants do not and never had authorization to use the Subject Photograph.

14. A true and correct screenshot of Defendants' infringing use of the Subject Photograph on their website is reproduced below:

15. "Infringing Photograph":



## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

16. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

17. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Photograph, including, without limitation, through viewing the Subject Photograph on the World Wide Web.

18. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, used and displayed the Subject Photograph on www.iqhomes.nyc.

19. Plaintiff is informed and believes and thereon alleges that the Infringing Photograph used by Defendants and shown above, uses the same elements, composition, colors, arrangement, subject, lighting, angle, and overall appearance of the Plaintiff's Subject Photograph and are identical or at least substantially similar to Plaintiff's Subject Photograph.

20. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by copying the Subject Photograph and publishing and

displaying the Infringing Photograph to the public, including without limitation, on

www.iqhomes.nyc without Plaintiff's authorization or consent.

21. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered

general and special damages in an amount to be established at trial.

22. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and

each of them, have obtained direct and indirect profits they would not otherwise have realized

but for their infringement of Plaintiff's rights in the Subject Photograph. As such, Plaintiff is

entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants'

infringement of his rights in the Subject Photograph in an amount to be established at trial.

23. Plaintiff is informed and believes and thereon alleges that Defendants, and each of

them, have committed acts of copyright infringement, as alleged above, which were willful,

intentional and malicious, which further subjects Defendants, and each of them, to liability for

statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred

fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff

will make his election between actual damages and statutory damages.

### SECOND CLAIM FOR RELIEF
(For Violations of the Digital Millennium Copyright Act (17 U.S.C. §1202 – Against all
Defendants, and Each)

24. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully

set forth, the allegations contained in the preceding paragraphs of this Complaint.

25. Plaintiff is informed and believes and thereon alleges that Defendants, and each

of them, violated 17 U.S.C. §1202 by intentionally removing and/or altering the copyright

management information, in the form of Plaintiff's name as the author and owner of the

copyrighted material, on at least one copy of the Subject Photograph, and distributing copyright

management information with knowledge that the copyright management information had been removed or altered without authority of the copyright owner or the law, and distributing and publicly displaying the material, knowing that copyright management information had been removed or altered without authority of the copyright owner or the law, and knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that the conduct would induce, enable, facilitate, or conceal an infringement of any right under this title.

26.  The above conduct is in violation of the Digital Millennium Copyright Act and exposes Defendants, and each of them, to additional and enhanced common law and statutory damages and penalties pursuant to 17 USC § 1203 and other applicable law.

27.   Plaintiff is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, and Plaintiff resultantly seeks enhanced damage and penalties.

<h3 style="text-align:center">PRAYER FOR RELIEF</h3>

Wherefore, Plaintiff prays for judgment as follows:

**Against all Defendants, and Each:**

With Respect to Each Claim for Relief:

a.   That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyright in the Subject Photograph, including, without limitation, an order requiring Defendants, and each of them, to remove the Infringing Photograph from any print, web, or other publication owned, operated or controlled by any Defendant.

b.   That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants,

and each of them, through their infringement, the exact sum to be proven at the
time of trial, and, to the extent available, statutory damages as available under the
17 U.S.C. § 504, 17 U.S.C. §1203, and other applicable law.

c. That a constructive trust be entered over any revenues or other proceeds realized
by Defendants, and each of them, through their infringement of Plaintiff's
intellectual property rights;

d. That Plaintiff be awarded his attorneys' fees as available under the Copyright Act
U.S.C. § 101 et seq.;

e. That Plaintiff be awarded his costs and fees under the statutes set forth above;

f. That Plaintiff be awarded statutory damages and/or penalties under the statues set
forth above;

g. That Plaintiff be awarded pre-judgment interest as allowed by law;

h. That Plaintiff be awarded the costs of this action; and

i. That Plaintiff be awarded such further legal and equitable relief as the Court
deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the
7th Amendment to the United States Constitution.

Dated: March 5, 2020                    Respectfully submitted:

                                        By: /s/ Michael D. Steger
                                             Michael D. Steger
                                             Law Offices of Michael D. Steger, PC
                                             30 Ramland Road, Suite 201
                                             Orangeburg, NY 10962
                                             845-359-4600
                                             (845) 689-2155 (fax)
                                             msteger@steger-law.com
                                             Attorney for Plaintiff Andrew Prokos